# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Caroline Sasnett Arrieta,<br><br>Debtor(s). | C/A No. 20-00173-JW<br><br>Chapter 13<br><br>**ORDER ON OBJECTION TO DEBTOR'S 11 U.S.C. § 362(l)(1) CERTIFICATION** |

This matter comes before the Court upon the *pro se* 11 U.S.C. § 362(l)(1) certification ("Certification") filed by Carolina Sasnett Arrieta ("Debtor"). Michael Farrell filed an objection to the Certification on January 13, 2020 ("Objection"). Pursuant to 11 U.S.C. § 362(l)(3)(A), the Court held an expedited hearing on the Objection, which was attended by counsel for Michael Farrell. The Court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, which is made applicable to this matter by Fed. R. Bankr. P. 7052 and 9014(c).[1]

## FINDINGS OF FACT

1. Debtor and her non-filing spouse, Hugo Brandon Arrieta ("Spouse"), executed a residential lease with Michael Farrell and Louise Farrell ("Landlord") on April 19, 2019 ("Lease") as to the property better known as 27 King Rail Lane in Hilton Head, South Carolina ("Residence").

2. The Lease provides the following regarding termination of the agreement upon Debtor and Spouse's failure to make payments:

> 5. Tenant agrees to pay Landlord a rent of $2,900.00 per month[.] . . . If rent is unpaid when due and the Tenant fails to pay rent within five days of due date[,] the Landlord will charge $25.00 per day late fee; or Landlord may terminate the rental

---

[1] To the extent the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

> agreement as this constitutes written notice in conspicuous language in this written agreement of Landlord's intention to terminate.
>
> . . .
>
> 21. . . . If rent is unpaid when due and the Tenant fails to pay rent within 5 days from the date due, the Landlord may terminate the rental agreement provided the Landlord has given the Tenant written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period: said notice is contained here in paragraph 5.
>
> **Tenant will get no other notice of Landlord's intention to terminate this Lease and proceed with eviction as long as Tenant resides in this rental property.**

(emphasis in original). It does not appear the Lease provides for any other additional right to Debtor and Spouse to cure unpaid rents beyond the five days after the rent's due date.

    3.    Debtor and Spouse failed to make the monthly lease payments, and Landlord commenced eviction proceedings against them on October 18, 2019.

    4.    After holding a trial in which evidence and testimony were presented, the Bluffton Magistrate signed a writ of ejectment on November 4, 2019 ("Writ of Ejectment"), which ordered the Sheriff or Magistrate's Constable to serve Debtor and Spouse with the Writ of Ejectment, providing them 24 hours to voluntarily vacate the Residence, and, if not complied with, the Sheriff or Magistrate's Constable may remove the occupants and personal property from the Residence.

    5.    Debtor and Spouse appealed the Writ of Ejectment. Pursuant to S.C. Code Ann. § 27-37-130, the Bluffton Magistrate entered an order on November 13, 2019 requiring Debtor and Spouse to deposit in guaranteed funds the unpaid rent in the amount of $6,900 by November 18, 2019 to stay the ejectment. The Magistrate's Order also provided that the failure to comply

with the November 13, 2019 Order would result in the immediate execution of the Writ of Ejectment and the dismissal of the appeal.[2]

6. On November 18, 2019, Debtor filed a *pro se* petition for relief under chapter 13 of the Bankruptcy Code, C/A No. 19-06076-jw ("First Bankruptcy Case"). In that case, Debtor filed an 11 U.S.C. § 362(l)(1) certification with the Court on November 19, 2019 indicating that she had deposited the rent to be due in the first 30 days of the case and that under the South Carolina law, she has the right stay in the Residence after the entry of the Writ of Ejectment upon payment of the entire amount of prepetition unpaid rent due to Landlord.[3] It appears Debtor deposited a money order in the amount of $2,900 with the Clerk of Court on November 22, 2019.

7. In the First Bankruptcy Case, thirty days elapsed without Debtor filing a further certification under § 362(l)(2). On January 6, 2020, Landlord filed an objection to the certification filed on November 19, 2019, alleging that the automatic stay was not applicable to the Lease due to Debtor's failure to cure the entire amount of unpaid rent within the first 30 days after the filing of the First Bankruptcy Case. The Court did not address Landlord's objection in the First Bankruptcy Case as the matter was mooted by the dismissal order entered on January 6, 2020 for Debtor's failure to file schedules and statements.

8. On January 9, 2020, the Bluffton Magistrate entered an order dismissing Debtor's appeal of the Writ of Ejectment due to Debtor and Spouse's failure to post the required bond.

---

[2] This procedure follows the language of S.C. Code Ann. § 27-37-130, which provides that "[i]n the event the tenant shall fail to file the bond herein required within five days after service of the notice of appeal such appeal shall be dismissed by the trial magistrate."

[3] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

9.    Landlord alleges that on January 10, 2020, the Sheriff attempted service of the Writ of Ejectment on Debtor and Spouse. However, Debtor filed the present petition for relief under chapter 13 of the Bankruptcy Code ("Second Bankruptcy Case") on that day.[4]

10.    In an effort to stay the eviction proceedings, Debtor filed the Certification which indicated that she had deposited with the Clerk of Court the rent to be due during the first 30 days after the petition and that under South Carolina law, she has the right to stay in Residence after the entry of the Writ of Ejectment upon the payment of the entire amount of unpaid prepetition rent owed to Landlord. It appears Debtor deposited three money orders with the Clerk of Court, totaling $2,900 (one month's rent under the Lease). The record does not reflect whether Debtor served the Certification on Landlord.

11.    On January 13, 2020, Landlord filed the Objection, and the Court held an expedited hearing on January 22, 2020, which was attended by counsel for Landlord. No party appeared on behalf of Debtor at the hearing on the Objection.[5]

---

[4]    In total, Debtor and Spouse have filed eleven bankruptcy cases in this District over the last eight years. Nine of the ten prior cases were dismissed as Debtor or Spouse failed to file schedules and statements. In the Spouse's most recent bankruptcy case (C/A No. 17-03251-jw), the case was dismissed because he had filed deficient schedules and statements and failed to make any payments to the Chapter 13 Trustee. As the Court concluded that Spouse was a serial bankruptcy filer, the Court dismissed his most recent case with prejudice as to any refiling under a reorganization chapter of the Bankruptcy Code for five years. The Chapter 13 Trustee has indicated that he will be pursuing similar relief against Debtor in this case.

[5]    At the hearing, counsel for Michael Fallon indicated that he had learned that Debtor recently had a death in her family. The Court has not received any communication on this matter or any requests to continue the hearing from Debtor or any party representing her. Counsel for Michael Fallon indicated that his client wanted to proceed with the hearing on the Objection as scheduled. Further, the Bankruptcy Code requires an expedited determination of the Objection. *See* 11 U.S.C. § 362(l)(3) (2020) ("[T]he court <u>shall</u> hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) and (2) is true." (emphasis added)). Therefore, the Court proceeded with the hearing on the Objection as scheduled.

4

## **CONCLUSIONS OF LAW**

Landlord asserts that Debtor cannot comply with § 362(l)(1) because South Carolina law does not require a landlord to accept a cure of the unpaid rent after the entry of an eviction judgment.

Under the Bankruptcy Code, eviction proceedings against a debtor are generally enjoined by the automatic stay under § 362(a)(3), which provides that "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is stayed. However, section 362(b)(22) provides an exception to the automatic stay for "the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . . ."

Nonetheless, the Bankruptcy Code provides an "exception to the exception" of the automatic stay by allowing debtors who are tenants in a residential lease to obtain, in essence, a temporary 30-day stay (with the possibility of obtaining an extended stay) through the certification process of § 362(l).

Specifically, § 362(l)(1) provides that the exception to the automatic stay under § 362(b)(22) shall not apply for the first 30 days after a petition is filed if the Debtor files with the petition and serves on the landlord an initial certification indicating that: (1) the debtor has deposited with the Clerk of Court any rent that will become due within the first 30 days after the petition is filed, and (2) there are circumstances under nonbankruptcy law in "which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession after that judgment for possession has been entered . . . ."

Under §362(l)(2), the exception to the automatic stay under § 362(b)(22) shall not apply for the entirety of the case (unless otherwise ordered by the Court) if within the first 30 days after the filing of the petition, the debtor: (1) complies with the initial certification process under § 362(l)(1), (2) cures the entirety of the monetary default that resulted in the judgment of possession, and (3) files a further certification with the Court that the cure payment has been made to the landlord. The failure to file this further certification results in the application of the exception to the automatic stay under § 362(b)(22) upon the 30th day after the filing of the petition, which would allow the landlord to resume eviction proceedings.

However, the landlord is not without a means to contest the Debtor's certification. Under § 362(l)(3), the landlord may file an objection to the debtor's initial certification, and the Court must hold a hearing to determine if the certification filed by the debtor is true. If the Court finds the debtor's certification is not true, the exception to the automatic stay under § 362(b)(22) becomes effective immediately, and the landlord is permitted to complete the process of obtaining full possession of the residential property.

In the present matter, Landlord has filed an objection to Debtor's Certification pursuant to § 362(l)(3). The parties do not dispute that Debtor deposited money orders totaling $2,900 with the Clerk of Court for the rent that becomes due during the first 30 days after the petition. Therefore, the remaining issue is whether there are circumstances under South Carolina law that permit Debtor to cure the entire monetary default that gave rise to the Writ of Ejectment?[6]

First, it appears the Lease was properly terminated for nonpayment under South Carolina law It does not appear there is dispute that Debtor has not made certain payments under the Lease.

---

[6] As it appears the Lease intends for the application of South Carolina and because the Residence is located in South Carolina, the Court finds South Carolina law is applicable to whether Debtor is permitted to cure the entire amount of prepetition unpaid rent after the Writ of Ejectment.

6

Section 27-40-710 of the South Carolina Code provides that "[i]f rent is unpaid when due and the tenant fails to pay rent within five days from the date due[,] the landlord may terminate the rental agreement provided the landlord has given the tenant written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period." Landlord counsel indicated at the hearing that Landlord had provided this written notice to Debtor in August 2019, September 2019 and October 2019. Further, it appears such notice by the Landlord was not necessary. The South Carolina Code provides that the requirement of a written notice of nonpayment and termination may be satisfied if that lease contains substantially similar language to the following "IF YOU DO NOT PAY YOUR RENT ON TIME This is your notice. If you do not pay your rent within five days of the due date, the landlord can start to have you evicted. You will get no other notice as long as you line in this rental unit." *Id.* The Lease contains similar language that termination of the Lease may occur upon the failure to make a rent payment within five days after the due date and that Debtor and Spouse would receive no other notice of Landlord's intent to terminate the Lease and proceed with eviction for nonpayment of rent. Therefore, upon Debtor's failure to pay rent within five days after the due date, Debtor was in default and Landlord had the right to unilaterally terminate the Lease. This is further confirmed by the entry of a Writ of Ejectment by the Magistrate's Court.

Debtor has not alleged any circumstances that would permit her at this stage in the eviction process and over the objection of the Landlord to cure the unpaid rent on the Lease. The Lease does not provide for any ability to cure the unpaid rents after the entry of a writ of ejectment. Further, the Court has reviewed the South Carolina's Residential Landlord and Tenant Act and

7

cannot identify a statutory provision that would require the Landlord to accept a cure of the unpaid rents after the issuance of a writ of ejectment.[7]

Historically, under South Carolina law, "a landlord is under no obligation to accept a late rent payment." 14 S.C. Jur. *Landlord and Tenant* § 56 (2019) (Westlaw). While the Supreme Court of South Carolina has permitted late rent payments in circumstances in which there is an immaterial or trivial breach of a commercial lease,[8] there are no allegations in this matter that Debtor's breach of the Lease by her non-payment of rent was immaterial, trivial or technical. The Court has received no explanation for Debtor's failure to make these payments.

The record does not indicate that Debtor had a unilateral or absolute right to require the Landlord to accept the missed rent payments after the Writ of Ejectment was issued by the Magistrate Court.[9] Any cure of the missed rent payments would have to be with the acceptance of

---

[7] Bankruptcy courts in other districts have held that a certification under § 362(l) is not possible under the applicable state law when the state's statutory procedures do not provide a tenant a right to cure the monetary default after the entry of a judgment for possession. *See, e.g., In re Jackson*, C/A No. 13-021676-HRT, 2013 Bankr. LEXIS 3055 (Bankr. D. Colo. July 30, 2013) (applying Colorado law).

[8] Previously the Supreme Court of South Carolina had held that a landlord may terminate a lease and proceed eviction for any failure to make a timely payment to the landlord regardless of the circumstances; and therefore, the landlord was under no obligation to ever accept late rent payments. *See Wright v. Player*, 104 S.E.2d 289 (S.C. 1958); *Hairston v. Carolina Wholesale Furniture Co.*, 353 S.E.2d 701 (S.C. Ct. App. 1987). However, in *Kiriakides v. United Artists Communications, Inc.*, 440 S.E.2d 364 (S.C. 1994), the Supreme Court of South Carolina tempered this unlimited right to termination by holding that notions of equity and common sense should be factored into whether a landlord may terminate a commercial lease, and that a commercial lease should not be terminated in circumstances in which the breach is trivial, immaterial, or technical. While it is unclear if the holding of *Kiriakides* is extended to residential leases under South Carolina law, in the present matter, the Court does not have to make this determination as no allegations have been raised that the breach of the Lease was immaterial, technical, or trivial.

[9] The Bankruptcy Code does not define "judgement for possession." Neither party raised any arguments regarding whether the Writ of Ejectment is a "judgment for possession" as stated by the Code. It appears the South Carolina Residential Landlord and Tenant Act utilizes the term "judgment for possession" interchangeably with a warrant of ejectment under S.C. Code Ann. § 27-37-40 (the same statute that it appears the Magistrate's Court relied upon to issue the Writ of Ejectment in this matter). *See* S.C. Code Ann. § 27-40-800 (2020) (describing an eviction order interchangeably as a "warrant of ejectment," "judgment for ejectment," "judgment of ejectment," and "judgment for possession"). Considering the fact that the Magistrate's Court held a trial with testimony and evidence prior to issuing the Writ of Ejectment; the clear language of the Writ of Ejectment for Debtor to vacate the residential property; and the fact that the Magistrate's Court dismissed Debtor's appeal of the Writ of Ejectment due to Debtor and Spouse's failure to comply with the statutory requirements of the South Carolina Code, the Court is satisfied in the present matter that the Writ of Ejectment is a judgment of possession as stated in the Bankruptcy Code. *See also Wheeler v. Hyler*, 91 S.E.2d 265 (S.C. 1956) (finding the appeals court lacked jurisdiction to hear an appeal of an order of ejectment when the tenant failed to pay the statutorily-required bond).

Landlord, who has clearly indicated that they will not accept any further late payments from Debtor and Spouse.

For these reasons, based on the evidence and circumstances presented, the Court finds that Debtor is not permitted to cure the missed rent payments to Landlord after the issuance of the Writ of Ejectment. As the Court finds that the Certification filed by Debtor with her petition is not true, the objection is sustained and the exception to the automatic stay under § 362(b)(22) is immediately applicable so that Landlord may be permitted to complete the process of obtaining full possession of the Residence.

## CONCLUSION

For the foregoing reasons, the Court sustains and upholds the Objection to the Debtor's Certification. The exception to the automatic stay under § 362(b)(22) is immediately applicable in this matter to permit Landlord to continue eviction proceedings against Debtor and Spouse.

Pursuant to § 362(l)(3)(B), the Clerk of Court is hereby ordered to immediately serve upon the Landlord and Debtor a certified copy of this Order upholding the Landlord's objection.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
January 23, 2020

**FILED BY THE COURT**
**01/23/2020**



John E. Waites
US Bankruptcy Judge
District of South Carolina

Entered: 01/23/2020